UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| RONALD OZEALA LOVE, JR., | ) | |
| Petitioner, | ) | No. 3:07-1049 |
| | ) | (Criminal Case |
| v. | ) | No. 3:05-000196) |
| | ) | Judge Echols |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM

Pending before the Court is Petitioner Ronald Ozeala Love Jr.'s Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 (Docket Entry No. 1), to which the Government has responded in opposition (Docket Entry No. 10) and Petitioner has filed a "Response to Government's Response" (Docket Entry No. 11) and a "Supplemental Reply to Petitioner[']s response to Govt. Response" (Docket Entry No. 21).

## I. PROCEDURAL HISTORY

On November 2, 2005, a federal grand jury returned a four count Indictment against Petitioner and Deron Robinson relating to the unlawful possession of firearms and the distribution of cocaine base and marijuana. Petitioner was only charged in Count One of the Indictment which alleged that, having been previously convicted of a crime punishable by a term of imprisonment exceeding one year, Petitioner knowingly possessed, in and affecting commerce, a Ruger pistol.

On October 30, 2006, Petitioner entered a plea of guilty to the charge against him pursuant to a written Plea Agreement ("PA"). Subsequently, the United States Probation Office submitted a Pre-sentence Report which calculated a total offense level of 25 and a criminal history category of VI under the United States Sentencing Guidelines ("U.S.S.G."), which resulted in an advisory

guideline range of 110 to 120 months.[1] The total offense level of 25 included a four level increase pursuant to U.S.S.G. §2K2.1(b)(6) for possession of a firearm in connection with another felony offense, to wit: possession with intent to distribute controlled substances.

On February 5, 2007, the parties filed written sentencing memoranda with the Court in which they agreed with the U.S.S.G. calculations made by the United States Probation Office. In the sentencing memorandum filed on Petitioner's behalf, attorney Dwight E. Scott ("Scott"), argued for a downward departure to counteract the four level increase under U.S.S.G. §K2.1(b)(5).[2] However, at the time of sentencing, Scott withdrew the request for a downward departure because it was not in keeping with the agreed upon PA.

On February 12, 2007, Petitioner was sentenced to a 120 month term of imprisonment which was to be served concurrently with Petitioner's sentence for a state court conviction. Petitioner was also sentenced to a supervised release term of three years.

Petitioner filed no direct appeal of his conviction but, instead, on October 19, 2007, filed his present motion to vacate or set aside his conviction and sentence pursuant to 28 U.S.C. § 2255. In his § 2255 Motion, Petitioner raises two claims. First, Petitioner claims Scott was ineffective in his representation of Petitioner at sentencing because Scott told Petitioner he would move for a downward departure and then, having moved for such a departure, withdrew the request at the time

---

[1]The actual range under the guidelines was 110 to 137 months. However, the range was capped at 120 months, the statutory maximum for the crime charged.

[2]In some of the filings in this case, as well as the underlying criminal case, the parties alternatively reference U.S.S.G. § 2K2.1(b)(5) and U.S.S.G. § 2K2.1(b)(6) as the basis for the increase in the offense level. This is apparently due to the change in the number for that specific subsection in the 2004 Sentencing Guidelines and the 2006 Sentencing Guidelines. However, under the PA, the parties agreed that the 2004 Guidelines applied and therefore, the correct reference is to U.S.S.G. § 2K2.1(b)(5).

2

of sentencing. Second and relatedly, Petitioner claims the Government engaged in prosecutorial misconduct because it either wrongfully persuaded Scott to withdraw the request for a downward departure or it conspired with Scott in the withdrawal of the request for a downward departure.

## II. STANDARD OF REVIEW

To prevail on a § 2255 motion, the Petitioner must establish either an error of constitutional magnitude that had a substantial and injurious effect or influence on his criminal proceeding, see Brecht v. Abrahamson, 507 U.S. 619, 637-38 (1993), or the record must reflect a fundamental defect in the proceedings that inherently resulted in a complete miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure. Reed v. Farley, 512 U.S. 339, 348 (1994); United States v. Todaro, 982 F.2d 1025, 1028 (6th Cir. 1993).

Under Rule 8 of the Rules Governing Section 2255 Proceedings, the Court "must review the answer, any transcripts and records of prior proceedings, and any materials submitted under Rule 7 to determine whether an evidentiary hearing is warranted." Petitioner is not entitled to an evidentiary hearing if the 2255 motion and the record of the case conclusively show that he is not entitled to relief. See Green v. United States, 65 F.3d 546, 548 (6th Cir. 1995). Finally, when the trial judge also hears the collateral proceedings, the judge may rely on his recollections of the prior proceedings in ruling on the collateral attack. Blanton v. United States, 94 F.3d 227, 235 (6th Cir. 1996).

## III. APPLICATION OF LAW

### A. Ineffective Assistance of Counsel

To establish ineffective assistance of counsel, Petitioner must show that his trial counsel's performance was deficient and that the deficiency prejudiced him. See Strickland v. Washington,

3

466 U.S. 668, 687 (1984); Evitts v. Lucey, 469 U.S. 387, 396 (1985). Petitioner must show that counsel made errors so serious that he was not functioning as the counsel guaranteed by the Sixth Amendment, and that there is a reasonable probability that the lawyer's errors prejudiced the outcome of the proceedings against him. Strickland, 466 U.S. at 687; Arredondo v. United States, 178 F.3d 778, 782 (6th Cir. 1999). A reasonable probability is one sufficient to undermine confidence in the outcome; it is a less demanding standard than "more likely than not." Id. A court need not address both parts of the Strickland test if the petitioner makes an insufficient showing on one. Strickland, 466 U.S. at 697.

As indicated, Petitioner pled guilty to the charge against him. Therefore, in order to prevail on his claim of ineffective assistance of counsel, Petitioner must show "prejudice by demonstrating 'a reasonable probability that, but for counsel's errors, [the Petitioner] would not have pleaded guilty and would have insisted on going to trial." Id. (quoting, Hill v. Lockhart, 474 U.S. 52, 59 (1985)). Petitioner can make no such showing in this case.

Any claim of prejudice resulting from counsel's withdrawal of the motion for downward departure fails in light of the PA and the colloquy with the Court at the time of the taking of the guilty plea. This is because Petitioner knowingly and voluntarily agreed to the anticipated sentencing range, including the four level increase under U.S.S.G. §2K2.1(b)(5). Specifically, the PA contained the following language:

> For purposes of determining the U.S.S.G. recommended sentencing range, the United States and the defendant agree on the following points:
> a. **Offense Level Calculations.**
> I. The base offense level is 24, pursuant to U.S.S.G. § 2K2.1(a)(2), because the defendant has two or more prior felony convictions for drug trafficking.
> ii. <u>The defendant will receive a 4-point increase pursuant to § 2K2.1(b)(5), for possession of a firearm in connection with another felony offense, to-wit: possession with intent to distribute controlled substances</u>.

4

iii. Assuming defendant clearly demonstrates acceptance of responsibility, to the satisfaction of the government, through his allocution and subsequent conduct prior to the imposition of sentence, a 3-level reduction will be warranted, pursuant to U.S.S.G.§ 3E1.1(a) and (b).

(PA ¶ 11)(emphasis added). The PA then went on to calculate that Petitioner had a criminal history category of VI and, based upon that history and the total offense level, the advisory guideline range was between 110 and 120 months.

Additionally, the Court reviewed the PA in detail with the parties at the guilty plea hearing, including the expected guideline range. Specifically, after the Court generally reviewed the workings of the sentencing guidelines, the following exchange occurred between the Court and Petitioner:

> THE COURT: In your case, for instance, I was reviewing before I came in this afternoon the Plea Agreement that your lawyers negotiated with the Government. And it states on Page 9, Paragraph 11, that there's a recommended sentencing range that has been discussed by Mr. Scott and the Government's lawyer, which recommends to the Court that the base offense level be 24.
> \* \* \*
> <u>And then the next subparagraph says you will receive a four-point increase for possession of a firearm in connection with another felony offense; to wit, possession with intent to distribute a controlled substance</u>.
> \* \* \*
> Under this recommendation, beginning at 24 with a four-point increase for possession of a firearm in connection with possession with intent to distribute, that makes it 28. Then if you get the three-level reduction for acceptance of responsibility, that moves it back down to 25. Then I'll look at your criminal history.
>
> \* \* \*
> Your plea agreement recommends that based on an adjusted offense level of 25 and a criminal history of VI, that your advisory sentencing range would be from 110 to 120 months imprisonment. And I don't know what that may be. I'll have to do my own calculation. But, again, I'm assuming that your lawyer and the Government's lawyer have studied this case, have negotiated it, and that's their estimate of what it will be at this time.
> Has Mr. Scott discussed with you the sentencing guidelines and the various factors that will be considered in determining the appropriate sentencing range in your case?

THE DEFENDANT: Yes, sir.

(Plea Hearing Tr. at 17-21)(emphasis added).

After reviewing the guideline calculations, the Court then asked Petitioner whether he had read and understood both the PA and the Petition to Enter a Guilty Plea and Petitioner responded, "Yes, Sir." (Id. at 26). Petitioner was then asked whether he had discussed both documents with counsel and Petitioner again responded, "Yes, Sir." (Id.). Petitioner also informed the Court he had no questions about either document. (Id. at 29). Finally, Petitioner indicated that he felt counsel had throughly discussed the case with him, he was satisfied with counsel's representation, he believed counsel had thoroughly investigated the case, and he had no complaints about his counsel's performance. (Id. at 10-11).

A plea colloquy is a solemn event and "dispositions by guilty pleas are accorded a great measure of finality." Blackledge v. Allison, 431 U.S. 63, 71 (1977). Because courts must be able to rely on a defendant's statements during a plea colloquy, "allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always 'palpably incredible' and 'patently frivolous or false.'" United States v. McMaster, 403 F.3d 216, 221 (4th Cir. 2005)(collecting cases).

In this case, there is no question but that Petitioner willingly, knowingly and voluntarily entered into his PA with the Government. It is also without question that Petitioner was fully aware that he was subject to a four level increase in his total offense level for his having possessed a firearm in relation to a drug trafficking crime. He admitted as much in both his PA and in open court while under oath.

6

In his filings in support of his § 2255 Motion, Petitioner suggests that while he may have been satisfied with counsel's representation up until the guilty plea hearing, the same is not true for events which allegedly occurred after the hearing. Specifically, Petitioner claims counsel was ineffective because he promised to seek a downward departure and, while counsel did file such a request as a part of Petitioner's sentencing memorandum, counsel improperly withdrew that request at sentencing.

During the sentencing hearing, the Court reviewed once again the terms of the PA, including the four level enhancement, at which point Scott moved to withdraw the request for a downward departure, and, in doing so, stated as follow:

> MR. SCOTT: Your Honor, we would have to move to strike that portion of the sentencing memorandum which moves the Court to depart downward. It's been brought to my attention this morning by Assistant U.S. Attorney Mr. Wehby that as part of the Plea Agreement, we agreed to a 110 to 120 month guideline range and that the defendant should be sentenced within that guideline range. So in compliance with our Plea Agreement, we're going to have to strike that portion of it and continue on with the other matters that are outlined.
>
> THE COURT: Okay.
>
> MR. SCOTT: So I just wanted to bring that to the Court's attention, that I'm going to have to do that.
>
> THE COURT: Thank you for doing so, Mr. Scott. . . .
>
> MR. SCOTT: After rereading the Plea Agreement, Your Honor, I have to agree with the Government. Even though I did spend quite a bit of time in trying to fashion considerations for the Court, I find that it would be in breach of the Plea Agreement. We're going to have to withdraw that at this time.
>
> THE COURT: Okay. Well, thank you, Mr. Scott. The Court will just move on then.

(Sent. Tr. at 46-48).

Counsel was not ineffective in withdrawing the request for a downward departure which was meant to counteract the four level enhancement pursuant to U.S.S.G. § 2K2.1(b)(5). A plea agreement is a contract between the Government and the defendant. United States v. Luske, 286 F.3d 906, 909 (6th Cir. 2008). It is "subject to an analysis of the rights and duties of the parties similar to the law of contracts" and therefore "[e]ach party should receive the benefit of his bargain." United States v. Wesley, 13 Fed. Appx. 257, 259 (6th Cir. 2001). In other words, "because 'a plea bargain is a contract, [its] terms . . . necessarily must be interpreted in light of the parties' reasonable expectations.'" United States v. Debreczeny, 69 Fed. Appx. 702, 706 (6th Cir. 2003).

In this case, the Petitioner agreed to do certain things and the Government agreed to do certain things. Among others, Petitioner agreed to plead guilty to the charge against him and agreed to a four level increase under U.S.S.G. § 2K2.1(b)(5) which, given his extensive criminal history, meant that Petitioner was subject to a Guideline range of 110 and 120 months. For its part, the Government agreed to forgo any additional charges against Petitioner in relation to the drug trafficking crimes and possession of weapons which led to the indictment of Petitioner and his co-defendant, Deron Robinson. A continued pursuit of a four level downward departure to offset the agreed-upon four level increase would have been a clear breach of the binding PA between the parties because it would seek to reduce the Guideline range to 77 to 96 months.

Moreover, Petitioner cannot show prejudice from the withdrawal of the downward departure request. As the excerpts from the PA and plea colloquy hearing make abundantly clear, Petitioner knowingly and voluntarily entered into a PA with the Government which set the offense level at 25 (including the agreed-upon four level increase), and which calculated the Guideline range to be from

8

110 to 120 months. Petitioner was in fact sentenced to a term of 120 months and he cannot now claim prejudice because the sentence imposed was within that contemplated by the PA.

**B. Prosecutorial Misconduct**

Petitioner claims prosecutorial misconduct because the prosecutor allegedly told defense counsel[3] that pursuit of a downward departure motion would be a breach of the PA. This claim may be disposed of summarily.

Prosecutorial misconduct, by its very terms requires misconduct. United States v. Coker, 514 F.3d 562, 568 (6th Cir. 2008). It also requires a showing of prejudice. Id.

Even if, as Petitioner claims, the prosecutor contacted Scott before the hearing and told him that a request for downward departure was a breach of the PA or muttered under his breath that a downward departure was a breach the PA, this does not amount to misconduct because such a request would in fact breach of the PA. Moreover, and as already indicated, Petitioner was not prejudiced by the withdrawal of the downward departure request because that withdrawal placed Petitioner exactly where he agreed to be: to wit, looking at an advisory Guideline range of 110 to 120 months.

## IV. CONCLUSION

On the basis of the foregoing, Petitioner's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (Docket Entry No. 1), is hereby DENIED. Further, because Petitioner cannot demonstrate that reasonable jurists would find the Court's assessment of the claims of alleged ineffective assistance of counsel and prosecutorial misconduct debatable or wrong, or that jurists of

---

[3]In his filings, Petitioner suggests that the prosecutor either called defense counsel before the sentencing hearing to inform him of the breach or stated under his breath at the sentencing hearing that the request for a downward departure was a breach of the PA.

9

reason would find it debatable whether the Court was correct in its rulings that there were no constitutional infirmities in counsel failing to seek a downward departure in sentencing in contravention of the Plea Agreement entered into by the parties, a Certificate of Appealability will not issue. See Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

    An appropriate Order will be entered.

*[signature]*

ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE